No. 69,534

In the Matter of JOSEPH P. GENCHI, *Respondent.*

(861 P.2d 127)

Opinion filed October 29, 1993.

*Bruce E. Miller,* disciplinary administrator, was on the formal complaint for petitioner.

There was no appearance by respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the Office of the Disciplinary Administrator against Joseph P. Genchi, whose last registration address filed with the Clerk of the Appellate Courts is Estes Park, Colorado, and who is an attorney admitted to the practice of law in the State of Kansas.

The complaint filed against respondent arises out of a final adjudication in Colorado that respondent was guilty of professional misconduct (*People v. Genchi,* 824 P.2d 815 [Colo. 1992]). The complaint herein is filed pursuant to Rule 202 (1992 Kan. Ct. R. Annot. 152).

Although being duly notified of the filing of the formal complaint herein and the hearing thereon, respondent did not file an answer or appear before the Kansas Board for Discipline of Attorneys (Board). Further, respondent did not appear before this court.

Rule 202 provides, *inter alia*:

"A final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state."

In the Colorado proceeding, two attorney disciplinary proceedings were consolidated for hearing before the Colorado Supreme Court. In the first proceeding (91 SA 336), Colorado found that respondent was guilty of professional misconduct in two areas: (1) abusive behavior toward an expert witness during a deposition and shortly thereafter; and (2) obtaining court continuances by fallacious claims of ill health. The discipline imposed was a six-month suspension from the practice of law. In the second pro-

ceeding (91 SA 351), Colorado also found respondent was guilty of professional misconduct in two areas: (1) failure to make prompt disposition of settlement proceeds received on behalf of a client; and (2) unreasonable delay in the preparation of a journal entry in a divorce action. The discipline imposed was public censure.

The hearing panel of the Board found that: (1) in 91 SA 336, respondent had violated DR 1-102(A)(5) and (6) (1992 Kan. Ct. R. Annot. 189); DR 6-101(A)(3) (1992 Kan. Ct. R. Annot. 214), and DR 9-102(B)(4) (1992 Kan. Ct. R. Annot. 231) and recommended a six-month suspension from the practice of law; and (2) in 91 SA 351, respondent had violated DR 1-102(A)(5) and DR 6-101(A)(3) and recommended the discipline of public censure.

This court, having considered the record, the report, and the recommendations of the disciplinary hearing panel, accepts and concurs in the findings, conclusions, and recommendations of the panel with the exception that we elect to treat all of the misconduct as having occurred in one proceeding and impose one order of discipline.

IT IS THEREFORE ORDERED that Joseph P. Genchi be suspended from the practice of law in the State of Kansas for a period of six months commencing on the date of this opinion.

IT IS FURTHER ORDERED that respondent shall forthwith comply with Supreme Court Rule 218 (1992 Kan. Ct. R. Annot. 176) and pay the costs of this action and that this order be published in the official Kansas Reports.